HAMITER, Justice.
 

 The dispute forming the basis of this litigation is primarily between the Town of Bossier City (a municipal corporation situated in Ward Two of Bossier Parish) and the Police Jury of Bossier Parish, and it ■concerns the proceeds of a two mill road tax, less the cost of collection, levied on property located within the limits of the named municipality.
 

 By Ordinance 132 of 1944 the Police Jury ordered an election in Ward Two of the Parish to take the sense of the property tax payers on the question of levying a special two mill tax for a period of five years, beginning with the year 1945, for the purpose of building, constructing and repairing roads and bridges in that Ward. At the election, held on October 31, 1944, the tax was approved by both a popular .and a property vote.
 

 Thereafter, by Ordinance 139 of 1945, the Police Jury levied the tax as authorized, instructed the Assessor of Bossier Parish to extend it for the year 1945 against all property located and assessed in Ward Two (including the Town of Bossier City), and ordered the Parish Tax Collector to make the collection.
 

 Relying upon the provisions of Section 3 of Act No. 24 of 1870, but without challenging the regularity of the election held on October 31, 1944, the Town of Bossier City instituted this mandamus proceeding to compel the Tax Collector of Bossier Parish to make appropriate accounting for, and to pay to it, the proceeds of the tax levied on property located within its limits and collected by him. An alternative writ of mandamus issued.
 

 On the return date of the rule to show cause ' the Tax Collector tendered exceptions of no right and no cause of action (they were referred to the merits by agreement) ; additionally, he filed an answer in which he generally denied relator’s' allegations and affirmatively averred the amount of the tax collected with reference to property situated within the limits of the municipality.
 

 Also appearing was the Police Jury of Bossier Parish, it presenting a petition of intervention and third opposition. Therein the Police Jury disputed the right of the Town of Bossier City to the proceeds claimed; it alleged that under the Constitution and laws of the State of Louisiana, particularly Act No. 256 of 1910, as amended, it is entrusted with the custody and control of all of the funds derived
 
 *608
 
 from the special two mill road tax of Ward Two; and it specially pleaded that Act No. 24 of 1870 (on which relator relies) is repugnant to provisions of the Constitution of the State of Louisiana and therefore ineffective and inoperative.
 

 After trial on the merits, judgment was rendered in favor of the respondent tax collector maintaining his exceptions of no right and no cause of action and rejecting the demands of relator, Town of Bossier City. Further, there was judgment in favor of intervenor, Police Jury of Bossier Parish, and against the tax collector ordering him to pay to intervenor all of the proceeds of the special two mill tax levied in Ward Two. Relator is appealing.
 

 Act No. 24 of 1870, invoked herein by relator, prohibits by its Section 1 the levying or collecting of a per capita tax for any purpose whatsoever. Section 2 thereof declares:
 

 “[That] hereafter neither police jurors nor other parish authorities shall make appropriations or expenditures for the purpose of making or repairing the public roads or bridges in their respective parishes until provisions for the payment of such appropriations or expenditures have been made
 
 by laying a special tax on all the real and personal property in the parish,
 
 and payment for work performed, or material furnished, for making or repairing roads or bridges, shall not be made from or out of any other fund or funds of the parish.” (Italics ours.)
 

 And Section 3, on which relator relies and predicates its cause' of action, provides:
 

 "[That] zvhen the police jury,
 
 or other parish authority
 
 of any parish in which there is a municipal corporation or corporations, shall cause to be assessed and collected a tax for road purposes, the amount of tax so collected from property situated within the limits of said municipal corporation,
 
 less the expense of collecting the same,
 
 shall be paid over by the collector of parish taxes, (to) the treasurer of said corporation,
 
 and the authorities of said municipal corporation shall expend the said fund for the purpose of making or repairing the roads, streets or bridges of said municipal corporation.” (Italics ours)
 

 Relator (Town of Bossier City) insists that this third section is still effective and that by reason thereof it is entitled to receive the tax collected, less the expense of' collection, from the property located within its limits. Intervenor (the Police Jury), on the other hand, while conceding that such section has never been expressly repealed, is equally insistent and contends that the provision has been rendered inoperative by subsequent legislation and constitutional enactments which changed the system of taxation therein authorized, and furnished a different type of tax.
 

 
 *610
 
 Under its contention, intervenor shows that the taxes referred to in Section 3 of the act are those levied in accordance with Section 2 thereof, i. e., parish wide taxes imposed by the police jury without action by the taxpaying voters; that when the statute was enacted (1870) there was no provision in the Constitution (1868) to protect property owners within the limits of municipal corporations from excessive taxation by the police juries; and that the purpose of Section 3 was merely to provide such protection and an equalization of taxes as between parochial and municipal governments. Intervenor further shows under its stated contention that now a constitutional provision, Article XIV, Section 8, 1921 Constitution, provides for an equalization of taxes imposed by parochial and municipal governments; another, Article XIV, Section 11, 1921 Constitution, as amended, limits the tax that can be levied by a parish authority; a third constitutional provision, Article X, Section 10, Constitution of 1921, as amended, authorizes the levying of special taxes when and if approved by the taxpayers affected; and an act of the Legislature, No. 256 of 1910, as amended, under which the tax forming the basis of this suit was imposed, grants authority to various subdivisions, including parishes and wards, to levy special taxes for certain purposes.
 

 It is true that the system authorized by Act No. 24 of 1870 for the raising of funds for road purposes was different from that now employed; road taxes, at that time, were levied on a parish wide basis, and approval by the tax payers was not required as it is now. But we do not find from the authorities cited by intervenor (the above mentioned constitutional provisions and statute), or from any other laws, that the type of tax of the 1870 statute (a special tax on real and personal property for making and repairing public roads and bridges) has been changed as it insists has been done.
 

 Sections 8 and 11, as amended, Article XIV of the 1921 Constitution deal exclusively with taxes for general parochial purposes as distinguished from special taxes, such as involved here; hence, they are inapplicable.
 

 Section 10, Article X of the 1921 Constitution, as amended, which incorporates similar provisions of the Constitutions of 1898 and 1913, does pertain to the levying of special taxes as well as does Act No. 256 of 1910, as amended; but neither contains anything repugnant to or inconsistent with the type of special tax referred to in Section 3 of Act No. 24 of 1870. The constitutional provision authorizes the imposition of special taxes (within designated limits and when approved by the taxpayers) for carrying on certain public projects, including road work, while the statute merely purposes to prescribe the method for imposing and collecting such taxes. Indicating
 
 *612
 
 the purpose of the statute is its title which reads in part as follows:
 

 “To define the subdivisions of the State; to prescribe the mode and manner of calling, holding and promulgating the result of elections therein for the purpose of levying a special tax or forced contribution or issuing bonds; to provide for the manner of levying and collecting such tax and issuing bonds; to provide the manner- of the payment of the interest and principal of such bonds; to fix the limit in which elections may be contested ;****”
 

 In fact, the type of tax levied under Article X, Section 10 of the 1921 Constitution, as amended, and Act No. 256 of 1910 (insofar as road construction and maintenance are concerned) is identical with that under Act No. 24 of 1870. Each is- a special tax, or in other words a tax levied specially, on property for road purposes.
 

 That the tax in the instant case was levied only as to a single ward (as authorized by the Act of 1910), whereas under the 1870 statute the tax was necessarily parish wide, seems to be of no importance. At the time of the adoption of the 1870 statute the wards were not authorized to act individually, and the subsequent granting of such authority to them could effect no change in the rights of municipalities located therein.
 

 Whether the expending of road tax funds obtained from property located within the limits of municipal corporations should, as a matter of policy, be performed by the police jury or by the municipal authorities, under Section 3 of Act No. 24 of 1870, cannot- be decided by the courts. The determination of that question is solely within the province of the State’s lawmaking body. In this connection the observation may be made that by the adoption of Acts No.
 
 215
 
 of 1918 and No. 65 of 1921, Ex.Sess., the Legislature of those years apparently gave to the 1870 provision recognition and a continuing effect, thereby sanctioning the right of the municipal authorities to make the expenditures.
 

 The purpose of the 1918 Act, to quote its title, was:
 

 “To Authorize and permit police juries throughout the State, in certain cases, to build and construct good roads, in whole or in part, through the corporate limits of villages.”
 

 And the body of the statute reads:
 

 “Section 1. Be it enacted by the General Assembly of the State of Louisiana, that from and after the passage of this act, all police juries throughout the State may construct good roads, in whole or in part, of the type commonly known as 'model roads’, through the corporate limits of villages, whenever it becomes necessary to construct said roads for the purpose of forming a connection through said villages between the ends or terminals of good roads already constructed by said police juries to the corporate limits, of said villages.
 

 “Section 2.. Be it further enacted, etc., that for the purpose of constructing said
 
 *614
 
 roads said -police juries may either issue bonds or certificates of indebtedness under existing laws, in cases where sufficient funds cannot be provided out of either the general or road funds of the parish in which the roads may be constructed.”
 

 The passage of this 1918 statute indicates that the Legislature took cognizance of the right of an incorporated village, under the then existing laws to receive its pro rata share of road taxes collected by the parish and to expend the funds itself for road purposes within the corporate limits. If otherwise, its adoption of the special legislation, granting to a police jury permission to construct good roads in the corporate limits, would have been deemed unnecessary.
 

 Later, the 1918 statute was amended and re-enacted by Act No. 65 of 1921, Ex.Sess., so as to (1) make the legislation applicable to towns as well as villages, and (2) to authorize the police juries, for the purpose of completing or connecting continuous highways, to make appropriations out of the general fund to defray a portion of the cost of constructing permanent, hard surfaced paving in the cities and towns situated in their respective parishes. And, except for its repealing clause, the statute concludes with the significant declaration that ;“**** provided further that this Act shall not prejudice the right of any municipality
 
 to demand the return of any taxes for road pier poses to zvhich it may be entitled under existing lazvs.”
 
 (Italics ours)
 

 Our search has disclosed no existing law to which this proviso can relate, and we have been cited to none, other than Section 3 of Act No. 24 of 1870, wherein the parish tax collector is directed to pay over to the ' municipal corporation the net road taxes collected from property situated within the corporate limits, the fund to be expended by the municipality in making or repairing its roads, streets or bridges. Clearly the provision can not refer to Article XIV, Section 8 of the 1921 Constitution, as intervenor suggests it might. That constitutional provision deals exclusively with general parochial taxes, as above shown; it in no manner pertains to road taxes. Moreover, it provides an exemption for municipalities, not “[a] return of any taxes for road purposes.”
 

 In as much as the instant tax levied by the Police Jury of Bossier Parish received the approval of the taxpayers of Ward Two, including those of the Town of Bossier City, it would seem that such body is entitled to the custody and control of the fund, along with the right to expend it. Certainly that would be true in the absence of a law to the- contrary. But Section 3 of Act No. 24 of 1870, as we appreciate it, was in effect when the tax was approved and levied; the taxpayers and the police jury were charged with knowledge of its existence; and both were bound by it.
 
 *616
 
 Therefore, the Tax Collector of Bossier Parish must pay to the Town of Bossier City the avails of the tax in question, less the expense of collecting it, in accordance with that statutory provision.
 

 For the reasons assigned it is ordered, adjudged and decreed that the judgment of the district court be reversed, annulled and set aside, and, accordingly, the demands of intervenor, Police Jury of Bossier Parish, are rejected, and the exceptions of no right and no cause of action filed by respondent, L. H. Padgett, Sheriff and Ex-Officio Tax Collector of Bossier Parish are now overruled.
 

 .Also, it is ordered, adjudged and decreed that there be further judgment in favor of relator, Town of Bossier City, making peremptory the alternative writ of mandamus issued herein and directing the named respondent to make an appropriate accounting of, and to pay and deliver to relator pursuant to Section 3 of Act No. 24 of 1870, the funds collected from taxes levied under Ordinance No. 139 of 1945 of the Bossier Parish Police Jury against the property situated within the limits of the Town of Bossier City, less the expense of collection.
 

 All taxable costs shall be paid by intervenor according to law.
 

 PONDER, J., absent.