Dear Mr. Pierre:
This office is in receipt of your letter dated July 14, 1998 requesting an opinion regarding slot machine gaming at live racing facilities.
Your question is whether the legislature may authorize a municipality, specifically the Town of Carencro, to call a referendum to authorize slot machine gaming at Evangeline Downs, and, if so, further authorize the municipality, by referendum or ordinance, to levy a tax on gaming proceeds.
The relevant constitutional provision is La. Const. art. XII
Section 6(C) (4) which provides:
 (4) Notwithstanding article III, Section 12, or any other provision of this constitution, the legislature by local or special law may provide for elections on propositions relating to allowing or prohibiting one or more forms of gaming, gambling, or wagering authorized by legislative act.
La. Const. art. III Section 12 would otherwise have prohibited the enactment of a local or special law "for the holding and conducting of elections".
It would appear that the legislature is therefore permitted, by local or special law, pursuant to La. Const. art. XII Section 6
(c) (4), to authorize political subdivisions, including the Town of Carencro to conduct an election for the purpose of authorizing certain forms of gaming, including slot machine gaming at live racing facilities, provided that such gaming is authorized by legislative act and further provided the provisions of La. Const. art. III Section 13 regarding local and special laws are complied with.
It should be noted that Act 721 of the 1997 Regular Session purported to authorize slot machine gaming at live racing facilities in St. Landry Parish, Bossier Parish and Calcasieu Parish upon fulfillment of certain conditions imposed in the Act. Act 721 did not encompass Lafayette Parish (Carencro) and to that extent it appears additional legislation would be required authorizing slot machine gaming at live racing facilities in Lafayette Parish or the Town of Carencro in accordance with La. Const. art. XII Section 6(C) (4).
In the event such legislation were enacted in compliance with all relevant constitutional provisions, the legislature would appear to be permitted to further authorize the Town of Carencro to levy a tax on gaming proceeds for local public purposes. La. Const. art. VI Section 30 (A) provides:
 Section 30. (A) A political subdivision may exercise the power of taxation subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal, and other local purposes strictly public in their nature. This Section shall not affect similar grants to political subdivisions under self-operative sections of this constitution.
The revenues from any parish or municipal tax on gaming proceeds may only be used for parish or municipal purposes. State ex rel.Town of Bossier City v. Padgett, 30 So.2d 555, (La., 1946).
It should be noted also that legislation authorizing a parish or municipality to levy a tax is not subject to the criteria set forth in La. Const. art. III Section 2, or La. Const. art. VII
Section 2.1. See A.G. Opinion No. 79-519, May 15, 1979, A.G. Opinion No. 93-274, April 20, 1993.
Accordingly, it is the opinion of this office that the legislature may enact a local or special law, in accordance with La. Const. art. XII Section 6(C) (4) and in compliance with La. Const. art. III Section 13, authorizing a parish or municipality to conduct an election permitting slot machine gaming at live racing facilities, and to further authorize the parish or municipality to levy a tax on the gaming proceeds to be used only for parish or municipal purposes.
Sincerely,
 Richard P. Ieyoub ATTORNEY GENERAL
 By: ___________________________ Thomas A. Warner, III Assistant Attorney General